FILED

2014 Jan-17  PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SABRINA MCCAULLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-13-S-1618-NE |
| | ) | |
| THE HARVARD DRUG GROUP, | ) | |
| LLC, and AEROTEK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Sabrina McCaulley, filed a complaint on August 29, 2013, asserting claims against The Harvard Drug Group, LLC ("Harvard"), and Aerotek, Inc. ("Aerotek"), two entities that she claims were formerly her joint employers.[1] Her complaint asserted three claims against both defendants: (1) "Race and Color Discrimination Disparate Treatment" pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 (Count One); (2) "Race and Color Discrimination Hostile Work Environment" pursuant to Title VII and 42 U.S.C. § 1981 (Count Two); and (3) "Race and Color Discrimination Wrongful Termination" pursuant to Title VII and 42 U.S.C. § 1981 (Count Three).[2] She also asserts two claims solely against defendant Harvard: *i.e.,* (1)

---

[1] Doc. no. 1 (Complaint).

[2] *Id.*

"The Harvard Drug Group, Inc. Retaliation in Violation of Title VII" (Count Four), and (2) "The Harvard Drug Group, L.L.C. Negligent Hiring, Training, Supervision and Retention" (Count Five).[3]  The case currently is before the court on "The Harvard Drug Group L.L.C.'s Partial Motion to Dismiss" Counts One and Five for failure to state a claim upon which relief can be granted.[4]  Upon consideration of the motion, pleadings, and briefs, the court concludes that Harvard's motion should be granted in part, but also denied in part.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  The Supreme Court explicated this standard in *Iqbal*,

---

[3] *Id.*

[4] Doc. no. 11.  *See also* doc. no. 12 (Defendant's Brief in Support of the Partial Motion to Dismiss).

saying that:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations.  *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

## II. RELEVANT ALLEGATIONS OF PLAINTIFF'S COMPLAINT[5]

Plaintiff is an African-American female who, on April 26, 2012, was placed by Aerotek to work at Harvard's Decatur, Alabama facility, in the capacity of a chemical repack technician.[6]  Plaintiff alleges that Harvard and Aerotek were her "joint employers."[7]  Plaintiff, who was one of only two black employees in her work area, allegedly was treated differently from, and excluded by, the white employees.  "The white co-workers would not talk to Plaintiff unless it was to belittle or demean her."[8]  When plaintiff began her job, the white employees joked about who would be required

---

[5] All allegations of plaintiff's complaint have been taken as true for purposes of ruling on Harvard's motion to dismiss.

[6] Complaint ¶¶ 6-7.  The complaint does not clearly explain this, but Aerotek apparently is either a temporary employment agency or a placement firm.  In any event, knowing Aerotek's exact role is not necessary to resolve the instant motion.

[7] *Id.* ¶ 7.

[8] *Id.* ¶ 9.

to train her, and they eventually asked the other black employee in the work area to train her because no one else wanted to.[9]

Plaintiff's white co-workers showed her a list of about 29 people whose employment had been terminated, and she interpreted that action as a threat that her employment would be terminated as well.[10]   Plaintiff's white supervisor, Chasity Davis, told plaintiff that she could "get rid of" plaintiff if she or the other employees did not like her.[11]   Davis and other white co-workers made sarcastic remarks to plaintiff, and belittled her on a daily basis.[12]   A white co-worker told plaintiff that her son had never seen a black person before and, if he did, he would "freak out."[13]   When plaintiff walked down the hallway next to a white co-worker, the co-worker hugged his arms close to his body to create as much space as possible between himself and plaintiff.[14]   Another white, male co-worker pretended to be a black woman, and the other workers laughed at that man's portrayal.[15]   A white co-worker remarked that other employees shouldn't ask anything of a black former co-worker named  Shanna, because Shanna would slash their tires, and another white co-worker called a different

---

[9] *Id.* ¶ 27.

[10] *Id.* ¶ 10.

[11] *Id.* ¶ 11.

[12] Complaint ¶ 13.

[13] *Id.* ¶ 15(a).

[14] *Id.* ¶ 15(b).

[15] *Id.* ¶ 15(c).

black former co-worker by the nickname "She-na-na."[16]

Additionally, when plaintiff asked her white co-workers for assistance, they ignored her, but they readily provided assistance to each other.[17]  White co-workers would sometimes pretend to be members of the Ku Klux Klan when they were dressed in their white, protective lab gear.[18]  A white co-worker became angry and slammed a door when plaintiff refused to allow him to listen to a shared company radio.[19] Finally, on May 31, 2012, plaintiff's white supervisor tampered with one of the products plaintiff was packaging, causing the weight to be "off," so that plaintiff was forced to re-package it.[20]  Plaintiff complained about her supervisor's behavior, and her employment was terminated later that same day, allegedly for failing to be receptive to instruction from her supervisor.[21]

## III. DISCUSSION

### A.    Disparate Treatment Claim

Defendant asserts that plaintiff has failed to state sufficient facts to support her claim for disparate treatment discrimination (Count One).  To establish a *prima facie*

---

[16] *Id.* ¶ 16.

[17] *Id.* ¶¶ 19-21.

[18] Complaint ¶ 22.

[19] *Id.* ¶¶ 23-24.

[20] *Id.* ¶ 29.

[21] *Id.* ¶¶ 30-35.

case of race-based disparate treatment, a plaintiff generally must show that: (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) the employer replaced her with someone outside her protected class, or otherwise treated similarly situated employees outside her protected class more favorably, and (4) she was qualified to perform the duties of her job. *See, e.g., Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1228 (11th Cir. 2002); *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984).[22]

> "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide 'enough factual matter (taken as true) to suggest' intentional . . . discrimination." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), and *Twombly*, 127 S. Ct. at 1965). In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth in *Twombly* and *Iqbal*. *See Iqbal*, 129 S. Ct. at 1949–50.

*Bowers v. Board of Regents of University System of Georgia*, 509 F. App'x 906, 910 (11th Cir. 2013).

In addition to the factual allegations set forth above, plaintiff states the following to support her disparate treatment claim:

52.   Plaintiff has been discriminated against on the basis of race

---

[22] The elements for a claim of discrimination are the same under both Title VII and § 1981. *See Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

and color in regard to disparate treatment and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended, and/or 42 U.S.C. § 1981.  The plaintiff has been discriminated against because of her race and color and has been subjected to unequal treatment because of her race and color.

53.  Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an[d] injunctive and declaratory judgment are her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.[23]

The court concludes these allegations are sufficient to suggest intentional discrimination.  Accordingly, plaintiff's Count One will not be dismissed for failure to state a claim upon which relief can be granted.

## B.     Negligent Hiring, Training, Supervision, and Retention Claim

In addition to the factual allegations set forth above, plaintiff stated the following to support her claim for negligent hiring, training, supervision, and retention:

64.  This is a claim arising under the law of the State of Alabama to redress the Defendant The Harvard Drug Group, L.L.C.'s negligent hiring, retention, training and supervision of Chasity Davis, John Evans, and other employees.

65.  Defendant inadequately or completely failed to conduct background checks and/or references prior to hiring Chasity Davis, John Evans, and other employees, which proximately caused their discrimination, harassment and pretextual termination of the Plaintiff.

66.  Defendant inadequately or completely failed to provide race

---

[23] Complaint ¶¶ 52-53 (alteration supplied).

and color discrimination training.  The Defendant negligently failed to train Chasity Davis, John Evans, and other employees adequately on the subject of race and color discrimination, which proximately caused the discrimination, harassment and pretextual termination of the plaintiff.

67.  The Defendant negligently failed to supervise Chasity Davis, John Evans, and other employees adequately, which proximately caused the discrimination, harassment and pretextual termination of the Plaintiff.

68.  The Defendant negligently failed to terminate Chasity Davis, John Evans, and other employees after receiving actual or constructive notice of their proclivity for discriminating against black African American employees, which proximately caused their continued discrimination against the Plaintiff.

69.  Defendant failed to properly hire, train, supervise, and failed to terminate the employment of Chasity Davis, John Evans, and other supervisors and/or co-workers of Plaintiff who engaged in race and color discrimination.

70.  The disparate treatment, harassment and pretextual termination of the Plaintiff caused her great emotional distress and trauma, for which she seeks compensatory and punitive damages against the Defendant.[24]

Harvard argues that the claim must be dismissed because it is not based upon an independently actionable Alabama tort.  Persuasive authority from every federal district court in Alabama supports Harvard's argument.

First, in *Thrasher v. Ivan Leonard Chevrolet, Inc*., 195 F. Supp. 2d 1314 (N.D. Ala. 2002), this court granted summary judgment on a claim for negligent hiring, training, supervision, and retention based on similar allegations in the context of a

---

[24] Complaint ¶¶ 64-70.

pregnancy discrimination claim.  The court stated:

> In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort. *Stevenson v. Precision Standard, Inc.*, 762 So.2d 820, 824 (Ala. 1999) (citing *Big B, Inc. v. Cottingham*, 634 So.2d 999 (Ala. 1993)).  As Alabama does not recognize a common-law tort for sex discrimination in employment, the Court finds that Plaintiff cannot maintain an action for negligent supervision, training, and/or retention based upon conduct that is employment discrimination, but does not support a common-law tort.

*Thrasher*, 195 F. Supp. 2d at 1320 (footnote omitted).[25]

More recently, in *Rhodes v. Arc of Madison County, Inc.*, 920 F. Supp. 2d 1202

(N.D. Ala. 2013), this court made clear that the same principles apply to claims of

sexual harassment, stating:

> "Alabama does not recognize an independent cause of action for sexual harassment." *Ex parte Carlisle*, 26 So.3d 1202, 1204 n. 1 (Ala. 2009).  This state also does not recognize a claim for the tort of outrage by an employee who allegedly was "harassed, investigated without cause,

---

[25] The omitted footnoted contained the following citations:

> *See Machen v. Childersburg Bancorporation, Inc.*, 761 So.2d 981, 983 n. 1 ([Ala. ]2000) ("It is well settled that Alabama does not recognize an independent cause of action for sexual harassment.  Instead, claims of sexual harassment are maintained under common-law tort theories such as assault and battery, invasion of privacy, negligent training and supervision, and outrage.  *See, e.g., Ex parte Atmore Community Hosp.*, 719 So.2d 1190 (Ala. 1998); *Mardis v. Robbins Tire & Rubber Co.*, 669 So.2d 885 (Ala. 1995); *Big B, Inc. v. Cottingham*, 634 So.2d 999 (Ala. 1993); *Potts v. BE & K Constr. Co.*, 604 So.2d 398 (Ala. 1992).");* see also Howard v. Wolff Broadcasting Corp.*, 611 So.2d 307, 313 (Ala.1992) (refusing to "judicially create a wrongful discharge action" based on sex discrimination), *cert. denied*, 507 U.S. 1031, 113 S. Ct. 1849, 123 L. Ed.2d 473 (1993).

*Thrasher*, 195 F. Supp. 2d at 1320 n.3 (alteration supplied).

humiliated, accused of improper dealings, treated uncustomarily, and terminated without justification." *American Road Service Co. v. Inmon*, 394 So.2d 361, 367 (Ala. 1980).  Accordingly, defendant is likewise entitled to summary judgment on plaintiff's negligence claims because [the offending supervisor] is not accused of a tort.

*Rhodes,* 920 F. Supp. 2d at 1244 (alteration supplied).  Decisions from the Middle and

Southern districts of Alabama are in agreement.  *See, e.g., Guy v. Alabama Power Co.*,

No. 2:13cv8–MHT, 2013 WL 3929858, *2 (M.D. Ala. July 29, 2013) ("[I]t is clear that

the employee's wrongdoing must be based on state, and not federal, law.  Otherwise,

the tort of negligent or wanton hiring, training, and supervision could be a corridor

through which federal laws prohibiting various types of conduct by employees could

be incorporated into state law as a privately redressable requirement on employers to

stop their employees from engaging in such conduct.") (alteration supplied); *Rabb v.

Georgia Pacific, LLC*, No. CA 09–0420–C, 2010 WL 2985575, *16 (S.D. Ala. July 26,

2010) ("Because Alabama does not recognize a common-law tort for race

discrimination in employment, this Court finds that Rabb cannot maintain an action for

negligent supervision 'based upon conduct that is employment discrimination, but does

not support a common-law tort.'") (quoting *Thrasher*, 195 F. Supp. 2d at 1320).

Here, plaintiff's claim for negligent hiring, training, supervision, and retention

is based entirely on the same alleged conduct that supports her claims for race

discrimination, hostile work environment, and retaliation under Title VII and 42 U.S.C.

-11-

§ 1981.  Plaintiff does not allege any *independent* conduct that would support an Alabama tort law claim.[26]  Accordingly, her negligent hiring, training, supervision, and retention claim must be dismissed.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, Harvard's motion for partial dismissal is GRANTED in part and DENIED in part.  Count Five of plaintiff's complaint is DISMISSED with prejudice, for failure to state a claim upon which relief can be granted.  Counts One, Two, Three, and Four remain pending, and defendants are ORDERED to file an answer to those claims on or before January 31, 2014.

DONE this 17th day of January, 2014.

_____
United States District Judge

---

[26] In her response brief, plaintiff appears to misunderstand the requirement that there be alleged conduct to support an *independently actionable* Alabama tort law claim.  Plaintiff states:

> [Harvard] also claims Plaintiff's negligence claim may not rest upon a race discrimination claim.  However, Plaintiff's negligent hiring, training, supervision and retention claim has factual allegations in support of the claim that meet the common-law Alabama tort, including that [Harvard] knew or should have known of the employee's incompetence, [Harvard] failed to prevent the incompetency through supervision which caused Plaintiff's injury, and the tort was committed by [Harvard] employees.

Doc. no. 15 (plaintiff's brief), at 3-4 (alterations supplied).  But the requirement is not simply that plaintiff plead sufficient facts to support the negligent hiring, training, supervision, and retention claim itself.  Instead, plaintiff must plead sufficient facts to support an underlying tort claim upon which the negligent hiring, training, supervision, and retention claim is based.  That is what she has failed to do.

-12-